UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON LAFAYETTE, #397650, )<br>            Plaintiff, )<br> )<br>-v- )<br> )<br>SHERRY BURT, )<br>            Defendant. )<br>_____ ) | No. 1:19-cv-487<br><br>Honorable Paul L. Maloney |

## ORDER REJECTING REPORT AND RECOMMENDATION

Jason Lafayette filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report recommending this Court dismissed the petition as untimely. (ECF No. 5.) Lafayette filed objections. (ECF No. 6.) The United States Supreme Court addressed a similar set of facts and found that the federal habeas petition was timely. Accordingly, the report and recommendation will be rejected.

Lafayette's proceedings in the state courts took more than five years. He was sentenced in May 2013. Appellate counsel was appointed and withdrew five months later. The record does not indicate appellate counsel filed anything on Lafayette's behalf. New counsel was appointed and eventually filed a 6.500 motion with the trial court in June 2014. The trial court denied the motion in October 2016. Lafayette filed an application for leave to appeal. The Michigan Court of Appeals issued a short order on August 18, 2017.[1]

> The Court considers defendant's delayed application for leave to appeal under the standard for direct appeals, and not under the standard for appeals from orders denying relief from judgment pursuant to MCR 6.500 et seq., for the reason that defendant's appointed appellate counsel rendered

---

[1] Lafayette included a copy of the order as an exhibit to his petition. (ECF No. 2-1 PageID.44.)

> ineffective assistance of counsel when they failed to file either an application from the judgment of sentence or a motion to withdraw plea in a timely manner and, thereby, deprived defendant of his direct appeal. So considered, the Court orders that the delayed application for leave to appeal is DENIED for lack merit in the grounds presented.

*People of the State of Michigan v. Lafayette*, No. 337019 (Mich. Ct. App. Aug. 18, 2018) (internal citations omitted). The Michigan Supreme Court denied Lafayette's application for leave to appeal on September 28, 2018. *People of the State of Michigan v. Lafayette*, No. 156593 (Mich. Sept. 28, 2018) (order). Lafayette filed his federal habeas petition in June 2019.

The magistrate judge concludes Lafayette's conviction became final on November 20, 2013, and had until November 20, 2014, to file his federal habeas petition. The magistrate judge also concludes that the one-year period was tolled from the date of Lafayette's 6.500 motion until the date on which the Michigan Supreme Court denied leave to appeal. Even taking that period of tolling into account, the magistrate judge concludes Lafayette's federal petition was more than three months late.

Lafayette objects. Lafayette argues the magistrate judge erred because the Michigan Court of Appeals accepted the delayed application as a direct appeal. Lafayette is correct.

More than a decade ago, our Supreme Court addressed this very issue. In a narrow ruling the Court explained the significance, for the purpose of the one-year limitation period for federal habeas review under 28 U.S.C. § 2244(d)(1)(A), of state appellate court's decision to accept an out-of-time appeal.

> We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final"

for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal or the expiration of the time for seeking review of that appeal.

*Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009); *see Maldonado v. Lindsey*, No. 19cv11555, 2020 WL 1493477, at *4-*5 (E.D. Mich. Mar. 27, 2020).

Lafayette's federal habeas petition is timely. The Michigan Court of Appeals order functionally granted Lafayette's application for leave to appeal, for which the remedy was a direct appeal. The court then denied Lafayette's direct appeal for lack of merit. Lafayette then pursued his direct appeal by filing an application for leave with the Michigan Supreme Court. Lafayette filed his habeas petition within one year of the Michigan Supreme Court's order denying leave. Accordingly, his federal petition is timely under § 2244(d)(1)(A).

Accordingly, the Court **REJECTS** the Report and Recommendation. **IT IS SO ORDERED.**

Date: June 12, 2020         /s/ Paul L. Maloney
                            Paul L. Maloney
                            United States District Judge